CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULLIAN A. HUFFMAN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:25CV00916 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **CRYSTAL LARGE, et al.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Jullian Huffman, Pro Se Plaintiff.*

The plaintiff, Jullian Huffman, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendants failed to treat him for gender dysphoria and seeking injunctive relief. Huffman has not prepaid the necessary filing costs to proceed with a civil rights action and, by filing a Prisoner Trust Account Report and Statement of Assets, impliedly requests in forma pauperis status under 28 U.S.C. 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through

prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Huffman has filed more than sixty lawsuits in this court, many of which have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Huffman v. McAfee*, No. 7:24CV00640 (W.D. Va. Nov. 18, 2024) (dismissed under 28 § 1915(e)(2)(B) as frivolous); *Huffman v. Fuller*, No. 7:24CV00438 (W.D. Va Oct. 30, 2024) (dismissed under 42 § 1997e(c)(1) as frivolous); *Huffman v. Poole*, No. 7:24CV00384; (W.D. Va. Oct. 24, 2024) (dismissed under 42 U.S.C. § 1997e(c)(1) for failure to state a claim). Accordingly, Huffman may only proceed in forma pauperis (without prepayment of the filing fee) if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466

F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct")).

Here, Huffman claims that "Crystal Large, Dr. Mandi Hixenbaugh, and Dr. Amit Shah have failed to treat [his] Gender Dysphoria."[1] Compl. 2, Dkt. No. 1. He further states that "[l]eaving this untreated has caused [him] to attempt suicide in the past and puts [him] at risk of suicide in the future." *Id.* As relief, Huffman requests that he "be treated with Estrogen, Female Undergarments, and to receive Gender Affirming Surgery." *Id.* at 3.

Courts have determined that inadequate treatment for gender identity disorders is not sufficient to establish imminent danger of serious physical injury without the plaintiff's demonstration that such treatment would cause more than discomfort but life-threatening, serious physical injury. *See, e.g. Sunshine v. Searls*, No. 5:21-CV-164, 2021 WL 4304696, at *2 (N.D. W. Va. Sept. 21, 2021); *Valenzuela v. Corizon Headquarters*, No. 3:19-cv-00104, 2019 WL 13521565, at *2 (M.D. Tenn. Feb. 8, 2019); *Johnson v. Ala. Dep't of Corr.*, No. 2:07-CV-0767-

---

[1] Huffman also names Cody Owens, Colonel Rick Alsbrook, and Major Todd Tatum, but does not state any factual allegations regarding their personal involvement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009) (providing that under § 1983, plaintiffs must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged constitutional violation).

WKW, 2008 WL 276577, at *1 (M.D. Ala. Jan. 29, 2008).[2]  Huffman's assertion that he is at risk of suicide fails to satisfy the imminent danger requirement of § 1915(g).  Indeed, "[a]n inmate cannot create the imminent danger.  In other words, he may not use an allegation of future self-harm as an imminent danger to bypass § 1915(g)."  *Springer v. Anderson*, No. 7:22CV00663, 2022 WL 17292160, at *2 (W.D. Va. Nov. 29, 2022).

For the stated reasons, I cannot find that Huffman is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g).  Therefore, I must deny his application to proceed in forma pauperis under § 1915(g).  Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED:  March 2, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] I have recently denied a preliminary injunction sought by Huffman in another case where he claimed inadequate treatment for gender dysphoria.  *Huffman v. Large*, No. 7:24CV00493, 2025 WL 18623, at 2 (W.D. Va. Jan. 2, 2025).